# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TOMECA CHARMAIN DENWIDDIE,<br><br>               Plaintiff,<br><br>v.<br><br>STEPHEN J. MUELLER, LOUIS J.<br>AGUILAR, GLEN R. HALBERSTADT,<br>and EDWARD F. IDE,<br><br>               Defendants. | Case No. 18-CV-601-JPS<br><br>**ORDER** |

Plaintiff, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B).

On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff's motion states that she brings in approximately $1,250 per month and spends almost $1,500 to support herself and her five children. (Docket #2). Plaintiff also receives over $300 in food stamps. *Id.* In light of these representations, the Court finds that

Plaintiff is indigent for purpose of prepaying the filing fee. She will be granted leave to proceed *in forma pauperis*.

Notwithstanding the payment of any filing fee, however, when a plaintiff asks leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff alleges that Defendants, all "Racine County Police Officers" (they must be either City of Racine police officers or Racine County Sheriff's deputies), searched her home on October 29, 2014. (Docket #1 at 2–4). They kicked in her back door and "ransacked" her house, taking various items. *Id.* at 4. Plaintiff says that the items taken are listed in an attached document, but no such document accompanies the complaint. Plaintiff says that the officers conducted their search "on a[n] assumption of what my neighbors told them," and again references a non-existent attached document. *Id.* Plaintiff contends that the officers' actions violated her rights under the Fourth Amendment, *id.* at 3, and she demands a return of her property as well as money damages, *id.* at 5.

Plaintiff's allegations, viewed generously, state a claim under the Fourth Amendment. The Fourth Amendment proscribes unreasonable searches and seizures by government officials. U.S. Const. amend. IV. Maintaining the sanctity of one's person and home from police intrusion is the primary goal of the Fourth Amendment. *Hawkins v. Mitchell*, 756 F.3d 983, 991 (7th Cir. 2014). This protection may give way, however, if the police have a search warrant or some other recognized justification for searching a person or property. *Johnson v. Manitowoc Cnty.*, 635 F.3d 331, 335 (7th Cir. 2011). Even with a warrant, the manner in which a search is executed must also be reasonable. *Id.* Though her complaint is sparse on detail, the Court can infer that police did not have an adequate justification to search Plaintiff's home, and even if they did, their manner of entry and search was unreasonable. Whether the facts bear this out, or whether Defendants have

any procedural or substantive defenses for their actions, must be determined at a later date.

Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshal if a plaintiff is authorized, as she is in this case, to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). However, Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. Thus, the Court will allow Plaintiff to elect, within fourteen days, whether she desires service by the U.S. Marshal or whether she will obtain service on Defendants of her own accord. If Plaintiff wants to effect service herself, she should simultaneously file a request for the Clerk of the Court to issue a service packet to her.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file, within fourteen days, a notice indicating which method of service she desires.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge