# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TOMECA CHARMAIN DENWIDDIE, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN J. MUELLER, LOUIS J. AGUILAR, GLEN R. HALBERSTADT, and EDWARD F. IDE, <br><br> Defendants. | Case No. 18-CV-601-JPS <br><br> **ORDER** |

On April 30, 2018, the Court screened Plaintiff's complaint and allowed her to proceed against Defendants *in forma pauperis*. (Docket #5). The Court directed Plaintiff to choose a manner of service, whether by the U.S. Marshals or on her own, within fourteen days. *Id.* On May 10, 2018, Plaintiff filed a letter stating that she desires service via the U.S. Marshals. (Docket #7). The Court will, therefore, order that the complaint be served upon Defendants in that manner. Plaintiff also requested that service be delayed until she could pay for service packets. *Id.* That is unnecessary; the U.S. Marshals will serve the complaint and bill Plaintiff afterwards.

On May 7, 2018, Plaintiff filed a motion for appointment of counsel. (Docket #6). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent Plaintiff if she: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

Plaintiff fails to satisfy either element of the *Pruitt* test. First, her letter gives no indication that she has made any attempt to secure representation, much less reasonable attempts. Second, this case does not appear to be beyond her capacity to present. Her complaint reveals a detailed understanding of the events of this case. Further, she has been allowed to proceed on a single straightforward Fourth Amendment claim. Finally, Plaintiff's filings have been relatively clear and cogent. The Court will, therefore, deny Plaintiff's motion for appointment of counsel.

On May 14, 2018, Plaintiff filed a letter which discusses amendment of the allegations in her complaint. (Docket #8). Plaintiff seeks to include additional details regarding her alleged damages. *Id.* To the extent this is presented as a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15, it must be denied. Pleadings may not be amended in a piecemeal fashion. An amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Plaintiff wishes to amend her complaint, she must file a motion requesting leave to do so, and her proposed amended complaint must be attached to that motion.

Accordingly,

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint (Docket #1) and the Court's screening order (Docket #5) upon Defendants pursuant to Federal Rule of Civil Procedure 4;

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #6) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend her complaint (Docket #8) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge