# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TOMECA CHARMAIN DENWIDDIE,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN J. MUELLER, LOUIS J. AGUILAR, GLEN R. HALBERSTADT, and EDWARD F. IDE,<br><br>Defendants. | Case No. 18-CV-601-JPS<br><br>**ORDER** |

      Plaintiff alleges that Defendants, four City of Racine police officers, searched her home in October 2014. (Docket #5 at 3). In doing so, they apparently damaged some of her property and took certain items that have not been returned to her. *Id.* The thrust of her complaint is about this damage, and she further suggests that Defendants did not have a proper basis to search her home in the first place. *Id.* The Court determined that Plaintiff's allegations passed the exceedingly low bar set at the screening stage to state a claim for a violation of her Fourth Amendment rights. *Id.* Defendants responded to the complaint with a motion to dismiss. (Docket #25). They first assert that the Court erred in finding that Plaintiff stated any viable claims for relief. (Docket #26 at 4–13). Alternatively, Defendants assert the defense of qualified immunity. *Id.* at 13–15. It is on this latter ground that Defendants' motion must be granted.

      The qualified immunity doctrine protects government officials from civil liability when they perform discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Put simply," says the Supreme Court, "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Once the defense is raised, the plaintiff bears the burden to defeat it. *Weinmann v. McClone*, 787 F.3d 444, 450 (7th Cir. 2015).

To overcome an assertion of qualified immunity, the plaintiff must first proffer facts which, if believed, amount to an actual violation of her constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Easterling v. Pollard*, 528 F. App'x 623, 656 (7th Cir. 2013). This need for an assessment of the facts, coupled with the requirement that the complaint's allegations be assumed true, usually means that it is difficult to establish qualified immunity at the pleadings stage. *Alvarado v. Litscher*, 267 F.3d 648, 651–52 (7th Cir. 2001). However, it remains possible for the defense to be applicable and dispositive in a motion to dismiss. *See id.* As noted above, the Court found that Plaintiff had stated a valid Fourth Amendment claim. For purposes of determining whether Defendants are entitled to qualified immunity, it will continue to assume that this is true.

Next, the plaintiff must show that the violation of her constitutional rights was "clearly established under applicable law at the time and under the circumstances that the defendant official acted." *Easterling*, 528 F. App'x at 656 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). A right is clearly established when its contours are "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) (internal quotation marks and alterations omitted). Courts should "not require a case directly on point,

but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011). The Supreme Court recently emphasized "the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.'" *White v. Pauly*, 137 S. Ct. 548, 552 (2017). The "clearly established law" must instead "be particularized to the facts of the case." *Id.*

Plaintiff has not met her burden as to this second element. To do so, she needed to cite to case opinions finding a violation of the Fourth Amendment in factually analogous circumstances (and, of course, those opinions must have been issued prior to October 2014). Plaintiff's response brief largely consists of elaborations on the allegations of the complaint. *See* (Docket #29 at 1–9). Plaintiff does address qualified immunity in one paragraph. *Id.* at 9. That paragraph, however, offers only the conclusory assertion that Defendants violated "clearly stipulated laws" and her constitutional rights generally. *Id.* at 9. She cites a few opinions, but none of them have anything to do with questions relevant or analogous to the instant case.[1] Though Plaintiff is a *pro se* litigant, the Court cannot construct arguments on her behalf. *Kelly v. Null*, 403 F. App'x 96, 97 (7th Cir. 2010).

---

[1] Plaintiff's citations merely state the required elements for a claim pursuant to 42 U.S.C. § 1983. *See* (Docket #29 at 10) citing *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009), *Kramer v. Vill. of N. Fond Du Lac*, 384 F.3d 856, 861 (7th Cir. 2004), and *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). These opinions are eminently familiar to the Court, as they are cited in nearly every screening order of *pro se* Section 1983 civil rights complaints, hundreds of which are filed in this District every year. Plaintiff appears to have lifted these citations from one of those screening orders without questioning whether they are apposite to this case. They are not; none has any factual or legal relevance to whether qualified immunity applies to Defendants' conduct. *See Buchanan-Moore*, 570 F.3d at 826, 828–29 (the City and County of Milwaukee did not deprive a victim of his

Because Plaintiff has not carried her burden to rebut Defendants' assertion of qualified immunity, the Court will grant their motion to dismiss on that ground. This action will, therefore, be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Docket #25) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

due process rights under the Fourteenth Amendment when those entities repeatedly arrested and released a criminally violent man, who after one such release, killed the victim while attempting to burglarize a home); *Kramer*, 384 F.3d at 858–61, 866–67 (the owner of a bar whose establishment was searched by police could not maintain Fourth Amendment claim based on the alleged invalidity of the search warrant against a chief of police who was not involved in obtaining the warrant); *Gomez*, 446 U.S. at 636–41 (in an action asserting a violation of a right to procedural due process, the Supreme Court held that a plaintiff does not need to affirmatively plead bad faith on the part of the government official to survive an assertion of qualified immunity).